**THE GOLAN FIRM**
Yvette Golan (*by pro hac vice*)
*ygolan@tgfirm.com*
1919 Decatur St. 3rd Floor
Houston, Texas 77007
Telephone:     (866) 298-4150, ext. 101
Facsimile:      (928) 441-8250

*Co-Counsel for Plaintiff Silber*
[Additional Counsel Listed on Signature Page]

| | |
|---|---|
| ERIN SILBER, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>         v.<br><br>BARBARA'S BAKERY, INC.,<br><br>                              Defendant. | Case No. 1:12-cv-05511-WFK-RLM |
| OLYMPIA MORO, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>         v.<br><br>BARBARA'S BAKERY, INC.,<br><br>                              Defendant. | Case No. 1:12-cv-06087-WFK-RLM |

**PLAINTIFFS' STATUS REPORT REGARDING PROPOSED SETTLEMENT IN**
***TRAMMELL V. BARBARA'S BAKERY, INC.***

Plaintiffs Erin Silber and Olympia Moro ("Plaintiffs") submit this report pursuant to the Court's April 15, 2013, Revised Scheduling Order, (*Silber v. Barbara's Bakery, Inc.,* Case No. CV12-05511 (the "*Silber* Action"), Dkt. No. 27) (*Moro v. Barbara's Bakery, Inc.,* Case No. CV12-06087 (the "*Moro* Action"), Dkt. No. 23), to advise the Court of the status of outstanding discovery and whether the proposed settlement agreement in *Trammell v. Barbara's Bakery, Inc.* (N.D. Cal.) (Breyer, J.) ("Proposed Trammell Settlement") will moot or narrow the claims in the *Silber* or *Moro* Actions.

### The Proposed Trammell Settlement Neither Moots Nor Narrows the *Silber* or *Moro* Actions.

The Proposed Trammell Settlement neither moots nor narrows the *Silber* or *Moro* Actions. On May 23, 2012, the *Trammell* action was filed in the Northern District of California, asserting claims based on a subset of Barbara's products containing genetically modified corn. On November 5, 2012, the *Silber* Action was filed, challenging a broader array of Barbara's products containing genetically modified ingredients as well as various synthetic ingredients. Although the *Trammell* suit was later amended to encompass the products and ingredients first addressed in plaintiff Silber's initial complaint, there are significant limitations in the scope and timing of the Proposed Trammell Settlement such that Plaintiffs Silber and Moro would still need to litigate their claims as to every product in their complaints.

First, the class period encompassed in the Proposed Trammell Settlement is significantly shorter than that covered by the *Silber* and *Moro* Actions. The Proposed Trammell Settlement provides relief to a class of persons who purchased certain Barbara's products during a period beginning May 23, 2008. *See* Proposed Trammell Settlement at 5. In contrast, the class period

defined in the *Silber* Action reaches back almost two years further to September 21, 2006. *See Silber* Complaint at 2.[1]

The Proposed Trammell Settlement does not provide for immediate cessation of Barbara's conduct, as Plaintiffs have requested. Rather, under the terms of the Proposed Trammell Settlement, Barbara's would not be compelled to change its labels and other marketing materials until March 1, 2014, or three months after the *Trammell* Court approves the settlement, whichever is later, and Barbara's would be permitted to sell off its inventory of falsely labeled products containing genetically modified and synthetic ingredients even beyond that date. *See* Proposed Trammell Settlement at 16.[2]

Finally, the Proposed Trammell Settlement does not address other forms of relief that Plaintiffs seek, including corrective advertising and/or product reformulation. Barbara's has created for itself a (false) representation of being "All Natural Since 1971," a brand identity consumers will remember and assume even after the "natural" representations quietly disappear. Product reformulation or corrective advertising is needed, but the Proposed Trammell Settlement

---

[1] In its status report filed today, Barbara's argues that a six year statute of limitations for common law fraud would not apply to Plaintiffs' claims because Plaintiffs' common law fraud claims are merely incidental to their consumer deception claims. *See Silber*, Dkt. No. 37, at 4. At its core, deceptive advertising is a type of fraud. Indeed, courts have imposed the heightened pleading standards for fraud under Fed. R. Civ. P. 9(b) to similar false labeling cases. Thus, Plaintiffs' claims for common law fraud are not merely incidental to their other fraud claims. Barbara's also argues that Plaintiffs' are not appropriate for class certification. As Plaintiffs' deadline for filing motions for class certification have not yet passed, though, that argument is premature.

[2] Regarding Plaintiffs' pending motion for a preliminary injunction, Barbara's argues that, if the Proposed Trammell Settlement is approved, Plaintiffs "will not be entitled to seek class relief." *Silber*, Dkt. No. 37, at 2. Barbara's cites no authority for this argument, nor could it, as an individual can clearly seek injunctive relief on behalf of the public. Because Barbara's has not, with the Proposed Trammell Settlement, agreed to anything close to immediate cessation of the conduct at issue, the public would still be susceptible to the harm identified in Plaintiff Silber's motion for preliminary injunction, and Plaintiffs would indeed be entitled to seek relief from that harm.

provides for neither.  The Proposed Trammell Settlement promises that a very small percentage of products will eliminate GMOs and requires only a fraction of its products to be enrolled in an independent program that tests for genetically modified ingredients.  Of the 111 products included in the Settlement, only 26 – less than a quarter – need be enrolled in the program and tested for genetic modification.  *Compare* Proposed Trammell Settlement at 6-8 (listing the 111 products included in the settlement), *with id.* at 18-19 (listing the 26 products that are to be enrolled in the Non-GMO Verified Project).  Additionally, several ingredients at issue in Plaintiffs' motion for preliminary injunction are not addressed by the Proposed Trammell Settlement, including disodium phosphate and monocalcium phosphate. *See generally* Proposed Trammell Settlement.

### Fact Discovery

Requests for the production of documents and interrogatories were exchanged by all parties in the *Silber* and *Moro* Actions on April 15, 2013.  Responses to the written discovery requests, including verified interrogatories, were served in accordance with the schedule set by the Court.

To date, Defendant has failed to produce any documents in response to Plaintiffs' requests for production of documents.  In response to Plaintiffs' inquiry as to the status of Defendant's document production in the *Moro* and *Silber* Actions, on June 7, 2013, Defendant responded by email that Barbara's is still working to gather and review the requested documents and further indicated Barbara's would not produce documents until after a protective order has been entered.

Thank you for Your Honor's continued attention to this matter. We are available at Your Honor's convenience to discuss this matter and to answer any questions Your Honor may have regarding the above.

Dated: June 13, 2013

Respectfully submitted,
**THE GOLAN FIRM**
*/s/ Yvette Golan*
Yvette Golan (*by pro hac vice*)
*ygolan@tgfirm.com*
1919 Decatur St. 3rd Floor
Houston, Texas 77007
Telephone: (866) 298-4150, ext. 101
Facsimile: (928) 441-8250

**REESE RICHMAN LLP**
Michael R. Reese
*mreese@reeserichman.com*
Kim E. Richman
*krichman@reeserichman.com*
Jason C. Hardy
*jhardy@reeserichman.com*
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff Silber*

**FARUQI & FARUQI, LLP**
Juan E. Monteverde
*jmonteverde@faruqilaw.com*
Javier O. Hidalgo
*jhidalgo@faruqilaw.com*
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Counsel for Plaintiff Moro*